```
            UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW HAMPSHIRE
```

**United States of America**

    v.                                    Case No. 19-cv-1113-PB
                                          Opinion No. 2020 DNH 155
**Sheikh Enamur Rahman**
**a/k/a Mohammed Enam**

### ORDER

The government has brought this civil action pursuant to 8 U.S.C. § 1451(a) to denaturalize Sheikh Enamur Rahman.  The government now cross-moves for judgment on the pleadings on Counts II, III, and IV of the complaint.[1]  According to the government, immigration documents properly incorporated into the complaint and Rahman's admissions in his answer to the complaint establish that Rahman committed unlawful acts in connection with his applications for permanent residence and naturalization, which rendered him statutorily ineligible for citizenship. Rahman responds that he disputes facts material to those claims and has asserted multiple affirmative defenses.

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is subject to the same standard of

---

[1] Rahman has also moved for judgment on the pleadings based on a statute-of-limitations defense.  I address that motion in a separate order.

review as a motion to dismiss for failure to state a claim under Rule 12(b)(6).  Collier v. City of Chicopee, 158 F.3d 601, 602 (1st Cir. 1998).  Accordingly, in reviewing a motion for judgment on the pleadings, I "must accept all of the nonmovant's well-pleaded factual averments as true, and draw all reasonable inferences in his favor."  Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988) (internal citations omitted).  I may enter judgment on the pleadings "only if the uncontested and properly considered facts conclusively establish the movant's entitlement to a favorable judgment."  Zipperer v. Raytheon Co., 493 F.3d 50, 53 (1st Cir. 2007) (internal quotation marks omitted).

The Supreme Court has described U.S. citizenship "as the highest hope of civilized men," concluding that "such a right once conferred should not be taken away without the clearest sort of justification and proof."  Schneiderman v. United States, 320 U.S. 118, 122 (1943).  Given the extremely high stakes involved, the government's "evidence justifying revocation of citizenship must be clear, unequivocal, and convincing and not leave the issue in doubt."  Fedorenko v. United States, 449 U.S. 490, 505 (1981) (internal quotation marks omitted).

The pleadings in this case do not conclusively establish that the government has met this high burden of proof.

Accepting as true Rahman's factual assertions in his answer to the complaint and drawing all reasonable inferences in his favor, see Rivera-Gomez, 843 F.2d at 635, I conclude that disputed issues of material facts exist to preclude judgment in the government's favor.  Accordingly, I deny the government's cross-motion for judgment on the pleadings (Doc. No. 23), without prejudice to the government's right to renew its arguments in a properly supported motion for summary judgment.

    SO ORDERED.

                                   /s/ Paul J. Barbadoro
                                   Paul J. Barbadoro
                                   United States District Judge

September 2, 2020

cc:  Troy Liggett, Esq.
     Michele E. Kenney, Esq.