```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW HAMPSHIRE
```

**United States of America**

  v.                                                    Case No. 19-cv-01113-PB
                                                         Opinion No. 2020 DNH 156

**Sheikh Enamur Rahman**
**a/k/a Mohammed Enam**


**ORDER**

The government has brought a civil complaint seeking denaturalization of Sheikh Enamur Rahman under 8 U.S.C. § 1451(a).  Rahman filed an answer that asserted twenty-five defenses, including numerous equitable defenses, as well as a statute-of-limitations defense.[1]  In response, the government moves to strike defenses 4-7 and 15-25 from Rahman's answer.  For the following reasons, I deny the government's motion.

Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Courts overwhelmingly disfavor motions to strike defenses.  See Boreri v. Fiat S.p.A., 763 F.2d 17, 23 (1st Cir. 1985) (noting that motions to strike "are narrow in scope,

---

[1] I address the statute-of-limitations defense in a separate order on Rahman's motion for judgment on the pleadings.

disfavored in practice, and not calculated readily to invoke the court's discretion"). I will not, therefore, strike defenses unless "convinced that there are no disputed questions of fact, that the questions of law are clear and settled, and that under no circumstances could the defense prevail." Knickerbocker Toy Co. v. Winterbrook Corp., 554 F. Supp. 1309, 1323 (D.N.H. 1982) (internal quotation marks omitted); see also Berke v. Presstek, Inc., 188 F.R.D. 179, 180 (D.N.H. 1998) (stating that motions to strike pleadings are granted only if challenged matter "can have no possible bearing on the subject matter of the litigation") (internal quotation marks omitted). This high bar is in line with the notion that "[a]n affirmative defense need not be plausible to survive; it must merely provide fair notice of the issue involved." InvestmentSignals, LLC v. Irrisoft, Inc., 2011 DNH 124, 2011 WL 3320525, at *2 (D.N.H. Aug. 1, 2011) (internal quotation marks omitted); see Owen v. Am. Shipyard Co., No. 1:15-CV-413 S, 2016 WL 1465348, at *3 (D.R.I. Apr. 14, 2016) ("It is inappropriate to hold plaintiffs and defendants to the same pleading standard when a plaintiff has the entirety of the statute of limitations period to gather facts for its complaint and the defendant has only twenty-one days to ascertain its defenses, some of which are in danger of being waived if not asserted in the answer."); Hansen v. R.I.'s Only 24 Hour Truck &

Auto Plaza, Inc., 287 F.R.D. 119, 122-23 (D. Mass. 2012) (similar).

The government's motion does not demonstrate that Rahman's affirmative defenses reach such a level of irrelevance or prejudice to warrant elimination at this early stage.  Rahman should be afforded the opportunity to develop the facts and theories of his case.  Therefore, the government's motion to strike defenses (Doc. No. 13) is denied, without prejudice to the government's right to challenge any affirmative defense in a dispositive motion where Rahman relies upon such a defense.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

September 2, 2020

cc:  Troy Liggett, Esq.
     Michele E. Kenney, Esq.